GEORGE STRICKLIN v. STATE.

No. A-1045.   Opinion Filed January 23, 1912.

Appeal from Blaine County Court; George W. Ferguson, Judge.

George Stricklin was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

E. T. Barbour, for plaintiff in error.

E. G. Spilman and Smith C. Matson, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the November, 1911, term of the county court of Blaine county on a charge of having the unlawful possession of intoxicating liquors with intent to sell the same, and was sentenced, in accordance with the verdict of the jury, to pay a fine of fifty dollars and be confined in the county jail for a period of thirty days.   The proof in the record clearly established possession, but there is nothing whatever from which intent could be legitimately inferred under the law.   Two essential elements enter into and constitute the offense charged against the accused.   One of them is possession of intoxicating liquor, and the other is the intent to sell the same.   It is just as essential to prove the one as it is the other, and proof of possession without proof of intent in addition to the possession has been repeatedly held by this court to be insufficient to sustain a conviction in this class of cases.   There is no proof that the special revenue tax had been paid, and no proof that accused had ever sold or offered for sale this or any other liquor.   As we have said in opinions heretofore, the statute does not make possession of an unusual quantity of intoxicating liquor presumptive evidence of an intent to violate the law, and courts cannot by any reasonable rule of interpretation read such provisions into the prohibitory law.   The proof shows that accused had three barrels of beer in his possession at the time of his arrest.   The record indicates that an important witness for the state had been served with process, but did not appear and give his testimony.   It may be that the state can on re-trial strengthen its testimony sufficiently to uphold a judgment of conviction, but the proof in this record is entirely insufficient.   The judgment is reversed and the cause remanded with directions to the lower court to grant a new trial.